William A. Levin (SBN 98592)
Laurel L. Simes (SBN 134637)
David M. Grimes (SBN 324292)
Samira J. Bokaie (SBN 332782)
**LEVIN SIMES LLP**
1700 Montgomery Street, Suite 250
San Francisco, California 94111
Telephone: (415) 426-3000
Facsimile:  (415) 426-3001
Email: wlevin@levinsimes.com
Email: llsimes@levinsimes.com
Email: dgrimes@levinsimes.com
Email: sbokaie@levinsimes.com
*Attorneys for Plaintiff* Jane Doe LS 203

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JANE DOE LS 203, an individual;<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., a Delaware Corporation; RASIER, LLC, a Delaware Limited Liability Company; RASIER-CA, LLC, a Delaware Limited Liability Company; and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No. 3:23-cv-04371-LB<br><br>**PLAINTIFF JANE DOE LS 203'S MOTION FOR PROTECTIVE ORDER AND LEAVE TO PROCEED ANONYMOUSLY; MEMORANDUM OF LAW IN SUPPORT**<br><br>*Hon. Magistrate Judge Laurel Beeler*<br><br>Action Filed: August 24, 2023<br>Trial Date: None Set |

Plaintiff Jane Doe LS 203, by and through her undersigned counsel, respectfully moves this Court for an order permitting her to bring this action anonymously and to protect her identity from public disclosure. Plaintiff submits the following brief in support of her motion.

**MOTION**

Plaintiff brings her action against Defendants Uber Technologies, Inc., and Rasier, LLC (collectively "Defendants" or "Uber") to recover damages for the injuries she suffered as a result of being assaulted, battered, harassed, or attacked by an Uber driver during an Uber ride. Because of the sensitive and private nature of Plaintiff's allegations, Plaintiff requests that this Court grant

1

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

1    her motion to proceed anonymously under pseudonym under Federal Rule of Civil Procedure

2    26(c) and ensure Defendants keep her identity confidential throughout the pendency of the lawsuit

3    and beyond.

4          Plaintiff respectfully moves this Court to let her proceed through the pseudonym Jane Doe

5    LS 203 in litigation and does not object to providing her true full name to Defendants pursuant to

6    a protective order barring further dissemination of that information and requiring that any

7    documents containing her true name be filed under seal. Accordingly, granting Plaintiff's motion

8    will not prejudice Defendants' ability to defend themselves. In addition, Plaintiff's substantial

9    privacy interest regarding this deeply personal violation outweighs the public interest in needing to

10   know her identity.

11                                    **MEMORANDUM OF LAW**

12         The Federal Rules of Civil Procedure require pleadings to state the names of all parties.

13   Fed. R. Civ. P. 10(a).  But there are judicially recognized exceptions when pseudonym status is

14   sought to preserve privacy in sensitive and highly personal matters or to shield a party from

15   retaliatory harm. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir.

16   2000). The Ninth Circuit therefore permits a party to proceed anonymously where the "need for

17   anonymity outweighs prejudice to the opposing party and the public's interest in knowing the

18   party's identity." *Id.* at 1068. In particular, pseudonym status is granted when it is necessary "to

19   protect a person from harassment, injury, ridicule, or personal embarrassment." *Id.* at 1067–68

20   (quoting *United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th Cir. 1981)). For good cause, the Court

21   may issue an order to protect a party or person from annoyance, embarrassment, oppression, or

22   undue burden or expense. Fed. R. Civ. P. 26(c). Thus, when the plaintiff shows a need for

23   anonymity, "the court should use its powers to manage pretrial proceedings under Rule 16(b) and

24   to issue protective orders limiting disclosure of the party's name under Rule 26(c) 'to preserve the

25   party's anonymity to the greatest extent possible without prejudicing the opposing party's ability

26   to litigate the case.'" *J.C. v. Choice Hotels Int'l, Inc.*, No. 20-CV-00155-WHO, 2021 WL

27   1146406, at *2 (N.D. Cal. Mar. 4, 2021) (quoting *Doe v. Kamehameha Sch./Bernice Pauahi*

28   *Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010)). Trial courts have broad discretion under Rule

2

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

1   26(c) to decide the appropriateness of a protective order. *Seattle Times Co. v. Rhinehart*, 467 U.S.

2   20, 36, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984); *see also Phillips ex rel. Ests. of Byrd v. Gen.*

3   *Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

4         In balancing the need to proceed anonymously, Courts must use 'informed discretion' and

5   consider all relevant factors. *James v. Jacobson*, 6 F.3d 233, 242 (4th Cir. 1993). Courts therefore

6   routinely find that preserving a plaintiff's privacy interests substantially outweighs the public's

7   interest and risk of unfairness to the defendant when there are 'sensitive and highly personal' issues

8   and when 'identification poses a risk of retaliatory physical or mental harm to the requesting party.'

9   *Id.* at 238; *Does I thru XXIII*, 214 F.3d at 1068; *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)

10  (same); *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (considering 'whether prosecution of the

11  suit will compel the plaintiffs to disclose information 'of the utmost intimacy'' (citing *Doe v.*

12  *Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981))); *Doe v. I.N.S., U.S. Dep't of Just.*, 867 F.2d 285,

13  286 n.1 (6th Cir. 1989) (permitting anonymity 'to protect the petitioner's family…from possible

14  reprisals'); *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979) (recognizing

15  the need for anonymity in 'important privacy interest[s]' such as abortion, birth control, and child

16  welfare cases). When retaliation is a concern, courts rely on five factors to balance whether a party

17  should be permitted to proceed anonymously: (1) the severity of the threatened harm, (2) the

18  reasonableness of the anonymous party's fears, (3) the anonymous part's vulnerability to such

19  retaliation, (4) the prejudice to the opposing party and whether such prejudice can be mitigated,

20  and (5) the public interest in revealing the anonymous party. *Does I thru XXIII*, 214 F.3d at 1068.

21        A party's privacy interests and ability to litigate anonymously is thus particularly

22  important in cases involving survivors of sexual abuse and assault. Pseudonyms are necessary to

23  protect the privacy of rape victims. *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112

24  F.3d 869, 872 (7th Cir. 1997); *see also Doe 1 v. George Washington Univ.*, 369 F. Supp. 3d 49, 64

25  (D.D.C. 2019) ("…courts generally allow a plaintiff to litigate under a pseudonym in cases

26  containing allegations of sexual assault on the basis that they concern highly sensitive and

27  personal subjects"); *Doe v. Blue Cross & Blue Shield of Rhode Island*, 794 F. Supp. 72, 74 (D.R.I.

28  1992) ("Unquestionably, one's sexual practices are among the most intimate parts of one's life.

CASE NO. 3:23-CV-04371-LB      PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND LEAVE TO
PROCEED ANONYMOUSLY; MEMORANDUM IN SUPPORT

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

1    When those sexual practices fall outside the realm of 'conventional' practices which are generally

2    accepted without controversy, ridicule or derision, that interest is enhanced exponentially."); *Doe*

3    *v. Alger*, 317 F.R.D. 37, 40 (W.D. Va. 2016) (finding "sexual misconduct" is a sufficient specific,

4    sensitive, and personal privacy interest to warrant proceeding in anonymity).

5           Here, pseudonym status and proceeding under seal is warranted because this litigation will

6    involve the disclosure of highly personal and stigmatizing sexual information and Plaintiff fears

7    extreme personal embarrassment and unwanted attention or stigma from her family, friends,

8    potential employers, and community, if her identity is revealed in the public record. Plaintiff also

9    fears for her safety and well-being if her name is not sealed and her abuser can find her.

10          Defendants will not be prejudiced. Plaintiff agrees to reveal her identity to Defendants for

11   the limited purpose of investigating Plaintiff's claims once the parties have entered into a

12   protective order. Plaintiff simply seeks redaction of Plaintiff's personally identifying information

13   from the public docket and assurances that Defendants will not use or publish Plaintiff's identity

14   in a manner that will compromise her mental well-being or personal life. Plaintiff should not be

15   compelled to disclose her identity to maintain her privacy and safety as Plaintiff's privacy interest

16   substantially outweighs the customary practice of judicial openness and there is no prejudice to

17   Defendants.

18          A.    **Disclosure of Plaintiff's identity would reveal information that is of a highly**

19                **sensitive and personal nature putting her at a substantial risk of harm.**

20          Plaintiff has a substantial privacy right in guarding the sensitive information about her past

21   sexual abuse from her public identity. Plaintiff was simply seeking transportation when she was

22   attacked by her Uber driver. Her experience in that sexual assault is highly sensitive and private,

23   warranting anonymity. If her identity is revealed, Plaintiff is likely to experience harm ranging

24   from humiliation and other discrimination to possible physical violence. When someone has been

25   so intimately violated and so stripped of their dignity as to incite violence against them, such

26   information is of a highly personal and sensitive nature, requiring pseudonym protection.

27          Moreover, Plaintiff's status as a survivor of sexual abuse makes her particularly vulnerable

28   to the likely harms of publicly disclosing her identity. It is extraordinarily difficult for survivors of

4

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

1    sex assault to speak openly about the horrors they endured, and for survivors able to do so, it takes

2    a lot of difficult work to ultimately reach that point. Even at the most advanced stages of recovery,

3    many survivors are not willing to go public with their story. Survivors are just barely 'surviving'

4    and are therefore uniquely vulnerable. They are struggling with reliving their traumas over again

5    through flashbacks, overwhelming intrusive and negative thoughts, feeling consumed by shame

6    and guilt, thinking that they are living in hiding and unable to let themselves truly be seen, and

7    experiencing fleeting feelings of dignity and respect. Plaintiff does not speak openly about her past

8    victimization and instead tries to maintain a normal life she was so viciously deprived of. Because

9    Plaintiff is still healing from her past, the disclosure of her true identity could decimate her

10   recovery.

11          The insidiousness of the offense of sex assault is that the abusers steal from the victims

12   their sense of privacy, autonomy, and normalcy. Litigation such as this is an important step for a

13   survivor to recover what was taken from her. To demand that survivors of sexual crime publicly

14   disclose their identity and their history to pursue a legal opportunity provided to them only

15   continues such harm. To require that the Plaintiff disclose her identity as a woman who has been

16   subject to a sexual attack only serves to again deprive her of privacy, autonomy, and normalcy.

17          **B.       There is an atypically weak public interest in knowing the identity of Plaintiff.**

18          The equation linking the public's right to attend trials and the public's right to know the

19   identity of the parties is not symmetrical. *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). "The

20   public right to scrutinize governmental functioning…is not so completely impaired by a grant of

21   anonymity to a party as it is by closure of the trial itself." *Id.* (citing *Richmond Newspapers, Inc. v.

22   Virginia*, 448 U.S. 555, 100 S. Ct. 2814, 65 L. Ed. 2d 973 (1980). "Party anonymity does not

23   obstruct the public's view of the issues joined or the court's performance in resolving them…[and]

24   [t]he assurance of fairness preserved by public presence at a trial is not lost when one party's

25   cause is pursued under a fictitious name." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). The

26   public interest is not harmed by allowing the Plaintiff to proceed anonymously, and the interest

27   itself is an atypically weak one.

28          While the presumptive openness of proceedings is a cornerstone of the American legal

CASE NO. 3:23-CV-04371-LB          PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND LEAVE TO
                                   PROCEED ANONYMOUSLY; MEMORANDUM IN SUPPORT

system, there is a greater interest in affording and encouraging survivors such as Plaintiff their day in court with the protection of anonymity. *See Doe v. Del Rio*, 241 F.R.D. 154, 157 (S.D.N.Y. 2006). The enforcement of federal sex trafficking laws benefits the public, yet the identification of individual plaintiffs does little, if anything, to further community welfare.

Instead, the greater public interest would be significantly harmed if, in identifying Plaintiff and other survivors like her, resulted in an overall chilling effect on all sex assault litigation and survivors willing to come forward. Sex crime is a growing epidemic that is already difficult to combat and understand because of the vast underreporting. Measures that may have a chilling effect on a party's willingness to litigate 'violations of statutes are generally considered against public policy.' *See Does I thru XXIII*, 214 F.3d at 1073. Denying victims of sex assault anonymity in circumstances like these would only further allow offenders to continue without abatement.

### C.     Granting Plaintiff's motion will not compromise Uber's ability to present a full defense.

Defendants will not be prejudiced by the granting of Plaintiff's anonymity. Defendants are corporate entities that lack the vulnerability Plaintiff faces as a singular human survivor of sexual abuse, particularly in an era where publicly filed documents are easily searched online. Anonymity would be limited to the pseudonym that the Plaintiff uses, not to who she is in every other respect, which was thought to be adequate in *James*, 6 F.3d at 241–242. Plaintiff will provide her full name to Defendants under a protective order, and Defendants will not be prejudiced.

### CONCLUSION

For these reasons, Plaintiff requests that this Court grant her motion to proceed anonymously, under the pseudonym Jane Doe LS 203 and requests all filed materials, judgments, and any other documents relating to this action refer to Plaintiff solely as Jane Doe LS 203 without additional identifying information.

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

CASE NO. 3:23-CV-04371-LB          PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND LEAVE TO PROCEED ANONYMOUSLY; MEMORANDUM IN SUPPORT

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

1    DATED:  September 15, 2023                **LEVIN SIMES LLP**

2

3                                                          */s/ William A. Levin*
                                                         William A. Levin
4                                                        Laurel L. Simes
                                                         David Grimes
5                                                        Samira J. Bokaie
                                                         *Attorneys for Plaintiff*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:23-CV-04371-LB        PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND LEAVE TO
                                 PROCEED ANONYMOUSLY; MEMORANDUM IN SUPPORT